DARNELL ROBERT BONNER,

       Plaintiff,

                     Case No. 25-cv-76-pp

    v.

BROADSTEP-WISCONSIN, *d/b/a BroadStep Behavioral Health*,
LYNN MASON, TIA SANDERS, IESHA PHILLIPS,
FREDRICK SMITH, DEBRA SCHLESS, TIFFANY SANCHEZ,
ANTONIO and ALESHA,

       Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING MOTION TO DISREGARD MOTION TO DISMISS (DKT. NO. 4), DEEMING MOTION TO DISMISS AS WITHDRAWN (DKT. NO. 3), SCREENING AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

---

On January 15, 2025, the plaintiff—who is representing himself—filed a complaint, alleging that the defendants had violated his civil and constitutional rights. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The plaintiff then filed a motion to dismiss his complaint, stating that he had reached a settlement with defendant BroadStep-Wisconsin. Dkt. No. 3. A little over a month later, the plaintiff filed a "motion to disregard" his motion to dismiss, dkt. no. 4, along with an amended complaint, dkt. no. 6.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, grant the motion to disregard the motion to dismiss

1

and deem the motion to dismiss as withdrawn. The court will dismiss the amended complaint and give the plaintiff an opportunity to file a second amended complaint.

## I.     Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose their financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is unmarried with no dependents. Dkt. No. 2 at 1. He states that he is unemployed and lists his total monthly wages or salary as $0. Id. at 1–2. The plaintiff lists his monthly expenses as $360 total, which includes $290 for groceries and $45 for his cell phone bill. Id. at 2–3. He also states that he owes student loans and "court fines and obligations," but he does not provide the monthly amount due on those debts. Id. at 4. The plaintiff states that he does not own a car or any property of value. Id. at 3–4.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he still is responsible for paying

2

the filing fee over time. <u>Robbins v. Switzer</u>, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. <u>See</u> <u>Rosas v. Roman Catholic Archdiocese of Chi.</u>, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II. Motion to Dismiss and Motion to Disregard Motion to Dismiss (Dkt. Nos. 3, 4)

As the court has recounted, on January 22, 2025, the plaintiff filed a motion to dismiss his complaint, stating that he had reached a settlement with defendant BroadStep-Wisconsin. Dkt. No. 3. But a month later, the plaintiff filed a "motion to disregard" the motion to dismiss. Dkt. No. 4. He states that the settlement was "coerced" and that the defendant made "promises that [were] never fulfilled." <u>Id.</u> at 1. The plaintiff asked the court to disregard his motion to dismiss and asked that it file the attached "supplemental complaint" as the "leading complaint." <u>Id.</u> at 2.

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" A dismissal based on Rule 41(a)(1)(A) is "without prejudice" unless "the notice or stipulation states otherwise," but "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R.

3

Civ. P. 41(a)(1)(B). Under Rule 41(a)(1)(A)(i), it does not matter whether a plaintiff labels a filing as a "notice to dismiss" or a "motion to dismiss." See Smith v. Potter, 513 F.3d 781, 783 (7th Cir. 2008) (holding that a "motion to voluntarily dismiss the plaintiff's complaint" was, despite its title, actually a Rule 41(a)(1) notice of dismissal). A notice to dismiss under Rule 41(a)(1)(A)(i) is "self-executing and case-terminating." United States v. UCB, Inc., 970 F.3d 835, 849 (7th Cir. 2020); see also Nelson v. Napolitano, 657 F.3d 586, 587 (7th Cir. 2011) ("Although the plaintiffs miscaptioned their notice of dismissal as a 'Motion for Voluntary Dismissal Pursuant to FRCP 41(a)(1)(A),' that filing effected the immediate dismissal of the suit.")

Although the plaintiff captioned his filing as a "motion to dismiss," it is apparent from the content of the document that it actually is a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). The plaintiff's notice of dismissal is self-effectuating, so this case should have been terminated when the court received the notice. But the plaintiff's later "motion to disregard" states that he wishes to proceed with the case. The court could dismiss the case based on the notice of dismissal, construe the later motion as a motion to reopen the case and grant it; regardless, the result would be the same.

For simplicity's sake, the court will grant the plaintiff's motion to disregard the motion to dismiss and deem the motion to dismiss withdrawn.

## III. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. However, the court is "not charged with seeking out legal 'issues lurking within the confines' of the [self-represented] litigant's pleadings, and the court's duties certainly do 'not extend so far as to require the court to bring to the attention of the pro se litigant or to decide the unraised issues.'" Kiebala v. Boris, 928 F.3d 680, 684-85 (7th Cir. 2019) (quoting Caruth v. Pinkney, 683 F.2d 1044, 1050 (7th Cir. 1982).

Even though the court must liberally their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim against a defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v.

5

Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

The court also must determine whether it has subject-matter jurisdiction, because "[s]ubject-matter jurisdiction is the first issue in any case," Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019), and the court has "an independent obligation to determine that jurisdictional requirements are satisfied," Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018). "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act," Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000), that "cannot be waived, forfeited, or consented to by the parties," Fortier v. Terani Law Firm, 732 F. App'x 467, 468 (7th Cir. 2018). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. Civ. R. 12(h)(3).

Federal courts have subject-matter jurisdiction in two primary types of cases: (1) cases alleging violations of federal laws or the federal Constitution ("federal question" jurisdiction under 28 U.S.C. §1331) and (2) cases between

6

citizens of different states that involve an amount in controversy exceeding $75,000 ("diversity" jurisdiction under 28 U.S.C. §1332). When a plaintiff alleges violations of state statutory or common law in federal court, the federal court may hear and decide those state-law claims only if the plaintiff also has alleged claims over which the federal court has diversity or federal question jurisdiction and the state-law claims are "so related" to the diversity or federal question claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367.

B.    The Plaintiff's Allegations

The court considers only the allegations in the plaintiff's amended complaint, not his original complaint. An amended complaint takes the place of, or "supersedes," the original complaint. Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). The court cannot consider any factual allegations or claims that were asserted in the original complaint unless they were restated in the amended complaint.

It appears that the plaintiff is alleging that he was mistreated by employees of Broadstep and that he was improperly discharged from Broadstep. He states that he filed complaints of abuse and sexual harassment by defendants Tia Sanders and Iesha Phillips that Broadstep never addressed or acknowledged. Id. at 5. He states that he reported the abuse to Broadstep's compliance phone number, but the company never investigated his complaint. Id. at 6. He alleges that this is contrary to DHS 83(2), which he states requires that the defendant investigate alleged abuse within seven calendar days from

7

the date it knew or should have known about the abuse. Id. at 6–7. The plaintiff also alleges that he filed grievances about his treatment with defendant Debra Schless, a client rights specialist, that went unanswered. Id. at 5. The plaintiff argues that Broadstep's internal grievance and complaint procedures violate the First Amendment because Broadstep "refuses and improperly handle[s] complaints." Id.

The plaintiff alleges that defendant Lynn Mason is the CEO of Broadstep and is responsible for overseeing employee behavior. Id. at 6. He also alleges that defendant Tiffany Sanchez retaliated against him for "petitioning the government for redress of [his] grievances" by refusing him prompt, adequate and therapeutic medical treatment, "which violates equal protection of laws." Id. at 7. It's unclear when Sanchez allegedly refused the plaintiff medical treatment.

The plaintiff alleges that Broadstep improperly discharged him on December 24, 2024 for making threats to cause significant property damage and to cause bodily harm. Id. at 5. He states that he was discharged without a thirty-day notice and without being given the opportunity to appeal the discharge. Id. He also states that Broadstep did not provide him with relocation assistance contrary to DHS 83.31(4) and the Fourteenth Amendment's Due Process Clause. Id.

The plaintiff states that after he filed his original complaint, the defendants contacted him via phone and asked about his living arrangements. Id. at 4. The plaintiff states that he had explained to defendant Fredrick Smith,

the executive director of Broadstep, that he was homeless "because of them" and that he had Covid-19 and hypothermia. Id. at 4–5. He states that defendant Smith placed him in a hotel and promised to take him to BroadStep the following day "and pay $10,000." Id. at 5. The plaintiff asserts that under DHS 83.27(2)(b), because he was discharged for threatening behavior, he could not return to Broadstep, implying that Smith misrepresented this fact to him. Id. at 6.

    C.    <u>Analysis</u>

First, the plaintiff names "Antonio" and "Alesha" as defendants, but the amended complaint makes no allegations against them. The court will dismiss these two defendants.

The court does not have diversity jurisdiction under 28 U.S.C. §1332. The amended complaint states that the plaintiff and defendant Tia Sanders are citizens of the same state (Wisconsin). Dkt. No. 6 at 1, 4. The plaintiff does not identify the citizenship of the other defendants, but when the plaintiff and even a single defendant are from the same state, the court lacks diversity jurisdiction over the case. This court has subject-matter jurisdiction only if the complaint states a claim for a violation of federal law.

Although the plaintiff asserts that he is filing this complaint for violations of federal law, dkt. no. 6 at 8, it is not clear what claims he is bringing. He mentions two constitutional amendments: (1) he says that his involuntary discharge violated his right to due process under the Fourteenth Amendment and (2) he says that Broadstep's grievance procedures violated the First

9

Amendment by improperly handling client complaints. Even assuming that these allegations were sufficient to find a violation of the plaintiff's constitutional rights—of which the court is doubtful—the amended complaint fails to state a claim because Broadstep is not a proper defendant.

Section 1983 of Title 42 is the federal statute through which a plaintiff may bring a claim that a state actor—an employee of a state, county or local government—violated his constitutional rights. To prevail on a §1983 claim, the plaintiff must prove that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted). Broadstep appears to be a private corporation. See https://apps.dfi.wi.gov/apps/corpSearch/Search.aspx (search term "Broadstep"). But a plaintiff may bring a lawsuit under §1983 only against government officials or employees or individuals who acted "under color of state law." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). An organization is not a "person" subject to suit under §1983. The court will dismiss the plaintiff's §1983 claims against Broadstep because it is not a proper defendant.

Although the plaintiff also names individuals associated with Broadstep as defendants, his complaint does not contain any allegations that those individuals made the decision to discharge him or refused to investigate his complaints. This is a problem for two reasons. "[T]o be liable under §1983, the individual defendant must have caused or participated in a constitutional

10

deprivation." Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) (quotation omitted). Without evidence of personal involvement, a defendant cannot be liable under §1983. Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 966 (7th Cir. 2019). The plaintiff has not alleged any personal involvement on behalf of the individual defendants.

Additionally, there are no allegations supporting a finding that the individual defendants—who are not public employees—acted under color of state law. A private party may be found to act under color of state law only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). The complaint does not contain any allegations that the individual defendants acted under color of state law. The court must dismiss the plaintiff's claims for constitutional violations under §1983.

The plaintiff's remaining claims arise under state law, specifically Wisconsin's administrative code. Because the plaintiff has not stated a claim under federal law, the court must dismiss those claims because it lacks jurisdiction over them.

For these reasons, the court must dismiss the plaintiff's amended complaint, but it will do so "without prejudice." That means that the plaintiff may, if he chooses to, file a second amended complaint by the deadline the court will set below. If the plaintiff decides to try to amend his complaint, there are several things he should keep in mind. As stated above, an amended

11

complaint takes the place of the original complaint, <u>Flannery</u>, 354 F.3d at 638 n.1, so the plaintiff must include in the second amended complaint all the facts supporting his claims. When writing his amended complaint, the plaintiff should give the court enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

The court is sending with this order a blank amended complaint form. The plaintiff must use this form in preparing his second amended complaint. He must write the word "Second" above the words "Amended Complaint" at the top of the page. He must put the case number for this case—Case No. 25-cv-76—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. The plaintiff must clearly identify the defendants and the actions they took that he believes violated his constitutional rights. Again, the second amended complaint must be complete in itself. It may not refer the court back to allegations in the prior complaints.

If the plaintiff elects to file a second amended complaint, he must file it in time for the court to *receive* it by the deadline the court sets below. If the

court does not receive a second amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to disregard his motion to dismiss. Dkt. No. 4.

The court **DEEMS** the motion to dismiss as withdrawn. Dkt. No. 3.

The court **DETERMINES** that the amended complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint in time for the court to *receive it* by the end of the day on **July 25, 2025**. If the court does not receive a second amended complaint by the end of the day on July 25, 2025, the court will dismiss this case for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 18th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

13